*McCarthy & Holthus, LLP*
Cole Patton SBN 24037247 || SDTX No. 605717
Yoshie Valadez SBN 24091142 || SDTX No. 2979491
Robert Brandon Hakari SBN 24107552 || SDTX No. 3234424
MHTbankruptcy@mccarthyholthus.com
*1255 West 15th Street Suite 1060 Plano, TX 75075*
*Phone: (214) 291-3800*
*Fax: (214) 291-3801*
*ATTORNEYS FOR CREDITOR*
*TX-20-22543*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| GREGORY MICEK AKA | § | CASE NO. 20-32441 |
| GREGORY JOHN MICEK, | § | |
|     DEBTOR | § | CHAPTER 11 |
| | § | |

**WELLS FARGO BANK, N.A.'S OBJECTION TO DEBTOR'S**
**DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW WELLS FARGO BANK, N.A., (also referred to as "Creditor"), a secured creditor and party in interest, and hereby objects to confirmation of the proposed Disclosure Statement and Plan of Reorganization filed by debtor Gregory Micek aka Gregory John Micek ("Debtor") on 9/1/2020 (Docket No. 27) (the "Plan") as it fails to meet the requirements for confirmation as set forth in 11 U.S.C. § 1129.  In support thereof, Creditor states as follows:

**BACKGROUND**

1.      Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy

Code on 5/4/2020 ("Petition Date"). The Debtor also filed a prior chapter 11 case with Nancy J. Micek on 4/28/2011 as Case Number 11-33637. The Court entered the Order Confirming Debtors' Second Amended Plan of Reorganization on 6/18/2012 (Docket No. 104) in the prior chapter 11 case which modified Creditor's claim by agreement.

2. WELLS FARGO BANK, N.A. is the holder of a second lien home equity line of credit on the Debtor's principal residence at 6339 Buffalo Speedway, Houston, TX 77005 ("Property"). An EquityLine Account Agreement and Disclosure Statement and accompanying Home Equity Extension of Credit Agreement and Acknowledgement of Fair Market Value dated 6/16/2006 were executed by Nancy J. Micek and Greg J. Micek to Wells Fargo Bank, N.A. with a credit line limit of $500,000.00 (the "Note"). The Note is secured by a Deed of Trust granting a lien against the Property and more particularly described as:

LOT THIRTEEN (13), IN BLOCK SEVENTEEN (17) OF AMENDED PLAT OF WEST UNIVERSITY PLACE, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 444, PAGE 560, OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS.

Copies of the Note and Deed of Trust are attached to Creditor's Proof of Claim Number 2 which was filed on 5/11/2020 (the "Claim") in this case. The Note and Deed of Trust are referred to collectively as the "Mortgage Loan."

3. As set forth in the Claim, the total debt due and owing to Creditor on the Petition Date was $686,177.25 with a total prepetition arrearage of $146,080.01 at a fixed interest rate of 5.00%. As set forth on the Claim, the Mortgage Loan is contractually due for the 1/20/2012 payment. The last payment received by Creditor on the Mortgage Loan was on 7/22/2013.

4. The Plan treats the Claim as impaired under Class 3 Secured Claims of Wells Fargo Bank, N.A. In sum, the Plan provides Creditor will be paid under the terms of the pre-petition agreement except:

- Payments to Creditor will not begin until the 20th day of the 13th full calendar month following the Plan's effective date.

- The Mortgage Loan's maturity date will be extended by the number of days between the Petition Date and the 20th day of the 13th full calendar month following the Plan's effective date.

- No amounts will be incurred by Debtor or his spouse Nancy Micek for the time between the Petition Date and the 20th day of the 13th full calendar month following the Plan's effective date.

- And the amounts owed to Creditor will include only a post-petition interest rate per annum at 5% from the Petition Date and the 20th day of the 13th full calendar month following the Plan's effective date.

- But if the Debtor sells or refinances the Property at any time before completing the above mentioned payments to Creditor then any remaining amount owed will be paid in full from the sale and refinancing proceeds and if a sale or refinance occurs before any such payments are set to be made then post-petition interest will accrue only until the date Creditor receives its portion of the sale or refinancing proceeds.

## **OBJECTION TO PROPOSED PLAN**

5. Creditor objects to confirmation of the Plan because the Debtor is attempting to

impermissibly modify its rights contrary to 11 U.S.C. § 1123(b)(5) as it holds a claim secured only by the Debtor's principal residence. As noted above, the Debtor is proposing to modify the Mortgage Loan as follows: (1) no payments to Creditor for an extended period of 13 months after any effective date of the Plan; (2) extension of the maturity date; and (3) no amounts will incur from the Petition Date to the extended period with only post-petition interest accrued at a rate of 5.0% during this same time period.

6. The Plan proposes alternate paths to treat the Claim depending on if and when the Debtor can sell or refinance the Property. The Debtor currently has the Property listed for sale. Creditor does not object to the Debtor paying the Claim in full should he be able to sell the Property and realizes time may be needed to accomplish such sale. However, the Debtor is asking Creditor to wait more than a year to realize any payments. The Mortgage Loan was severely in default when the Debtor filed this chapter 11 case. Creditor already agreed to modify the loan in the Debtor's prior chapter 11 case which unlike the Plan in the current case provided for ongoing monthly payments and addressed both the pre and post-petition arrears to be paid over equal monthly payments.

///

///

///

///

///

///

///

**Prayer**

**WHEREFORE, PREMISES CONSIDERED,** Creditor prays that this Court deny confirmation of the Plan as proposed and grant Creditor such other and further relief, at law and in equity, as is just.

Respectfully Submitted,

MCCARTHY & HOLTHUS, LLP

*/s/ Yoshie Valadez*
Cole Patton SBN 24037247 || SDTX No. 605717
Yoshie Valadez SBN 24091142 || SDTX No. 2979491
Robert Brandon Hakari SBN 24107552 || SDTX No. 3234424
MHTbankruptcy@mccarthyholthus.com
1255 West 15th Street Suite 1060
Plano, TX 75075
Phone: (214) 291-3800
Fax: (214) 291-3801
Atty File No.: TX-20-22543
ATTORNEYS FOR CREDITOR

**CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing *Objection* has been served upon the following parties via electronic means through the Court's CM/ECF system or by pre-paid regular first class U.S. Mail on 10/20/2020.

              By: */s/ Yoshie Valadez*
              Cole Patton SBN 24037247 || SDTX No. 605717
              Yoshie Valadez SBN 24091142 || SDTX No. 2979491
              Robert Brandon Hakari SBN 24107552 || SDTX No. 3234424
              MHTbankruptcy@mccarthyholthus.com
              1255 West 15th Street Suite 1060
              Plano, TX 75075
              Phone: (214) 291-3800
              Fax: (214) 291-3801
              Atty File No.: TX-20-22543
              ATTORNEY FOR CREDITOR

By First Class Mail Postage Prepaid:

DEBTOR(S)
Gregory Micek
6339 Buffalo Speedway
Houston, TX 77005

By CM/ECF:

COUNSEL FOR DEBTOR(S)
Reese W Baker
Baker & Associates
950 Echo Lane
Ste 300
Houston, TX 77024

U.S. TRUSTEE
US Trustee
515 Rusk Ave
Suite 3516
HOUSTON, TX 77002

All Parties Requesting Notice Via CM/ECF System