*McCarthy & Holthus, LLP*
Cole Patton SBN 24037247 || SDTX No. 605717
Yoshie Valadez SBN 24091142 || SDTX No. 2979491
Robert Brandon Hakari SBN 24107552 || SDTX No. 3234424
MHTbankruptcy@mccarthyholthus.com
*1255 West 15th Street Suite 1060 Plano, TX 75075*
*Phone: (214) 291-3800*
*Fax: (214) 291-3801*
*ATTORNEYS FOR CREDITOR*
*TX-20-22543*

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| **GREGORY MICEK AKA** | § | **CASE NO. 20-32441** |
| **GREGORY JOHN MICEK,** | § | |
| **DEBTOR(S)** | § | **CHAPTER 11** |
| | § | |

**WELLS FARGO BANK, N.A.'S OBJECTION TO DEBTOR'S FIRST AMENDED**
**DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

COMES NOW WELLS FARGO BANK, N.A., (also referred to as "Creditor"), a secured creditor and party in interest, and hereby objects to confirmation of the proposed First Amended Disclosure Statement and Plan of Reorganization filed by debtor Gregory Micek aka Gregory John Micek ("Debtor") on 3/26/2021 (Docket No. 65) (the "Amended Plan") as it fails to meet the requirements for confirmation as set forth in 11 U.S.C. § 1129. In support thereof, Creditor states as follows:

**BACKGROUND**

1. Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code on 5/4/2020 ("Petition Date"). The Debtor also filed a prior chapter 11 case with Nancy J. Micek on 4/28/2011 as Case Number 11-33637. The Court entered the Order Confirming Debtors' Second Amended Plan of Reorganization on 6/18/2012 (Docket No. 104) in the prior chapter 11 case which

modified Creditor's claim by agreement.

2. WELLS FARGO BANK, N.A. is the holder of a junior lien consisting of Texas home equity loan on the Debtor's principal residence at 6339 Buffalo Speedway, Houston, TX 77005 ("Property"). An EquityLine Account Agreement and Disclosure Statement and accompanying Home Equity Extension of Credit Agreement and Acknowledgement of Fair Market Value dated 6/16/2006 were executed by Nancy J. Micek and Greg J. Micek to Wells Fargo Bank, N.A. with a credit line limit of $500,000.00 (the "Note"). The Note is secured by a Deed of Trust granting a lien against the Property and more particularly described as:

LOT THIRTEEN (13), IN BLOCK SEVENTEEN (17) OF AMENDED PLAT OF WEST UNIVERSITY PLACE, A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 444, PAGE 560, OF THE DEED RECORDS OF HARRIS COUNTY, TEXAS.

Copies of the Note and Deed of Trust are attached to Creditor's Proof of Claim Number 2 which was filed on 5/11/2020 (the "Claim") in this case. The Note and Deed of Trust are referred to collectively as the "Mortgage Loan." The Mortgage Loan consists of an extension of credit as defined by Section 50(a)(6) and (t), Article XVI of the Texas Constitution which by its terms is non-recourse and given its home equity status requires a state judicial foreclosure action and order to proceed with foreclosure.

3. As set forth in the Claim, the total debt due and owing to Creditor on the Petition Date was $686,177.25 with a total prepetition arrearage of $146,080.01 at a fixed interest rate of 5.00%. The Mortgage Loan was severely in default when the Debtor filed this chapter 11 case. As set forth on the Claim, the Mortgage Loan is contractually due for the 1/20/2012 payment. The last payment received by Creditor on the Mortgage Loan was on 7/22/2013.

4. In the Amended Plan, the Debtor proposes to treat the Claim as impaired under Class 3

Secured Claims of Wells Fargo Bank, N.A. starting on page 9. As previously proposed, the Debtor seeks time to sell the Property or possibly refinance but this time he requests until the end of a second 180-day forbearance period under the CARES Act to do so.

5. If the Debtor is not able to sell the Property or refinance by the end of the second 180-day forbearance period, the Debtor proposes a forced transfer of title to the Property to Creditor as described in the Amended Plan starting on page 12 under the Provisions Applicable to Classes 2, 3 and 4 – Secured Claims Satisfied by Transfer of Real Property in Satisfaction of Secured Claim and as outlined as follows:

| Priority | Name and Address of Holder of Security Interest | Estimated Claim of Lien Holder |
|---|---|---|
| First lien | Harris County, et al- Class 2 | $53,601.40 plus interest from the filing date |
| Second lien | US Bank National Association as trustee for GSR Mortgage Loan Trust 2005-AR6 - Class 4 | $1,603,382.97 plus interest from the filing date |
| Third lien | Wells Fargo Bank, N.A. – Class 3 | $686,177.25 plus interest from the filing date |

B. The Transferee is Wells Fargo Bank, N.A. (Class 3 Creditor).

C. The value to be credited to the Transferee's claim secured by the lien is:

| Value of property | $2,750,000 |
|---|---|
| Total amounts owed to all holders of senior liens | $1,656,984.37 plus interest from the filing date |
| Net value to be credited by Transferee | $686,177.25 plus interest from the filing date |

**OBJECTION TO PROPOSED AMENDED PLAN**

6. Creditor objects to confirmation of the Amended Plan because the Debtor's proposals under the Provisions Applicable to Classes 2, 3 and 4 – Secured Claims Satisfied by Transfer of Real Property in Satisfaction of Secured Claim are somewhat unclear and confusing. Under these provisions, it appears Creditor would be forced to take title to the Property subject to the senior liens of Harris

County and U.S. Bank. However, at the same time, such transfer would be in full satisfaction of any senior liens thus avoiding any unsecured deficiency claim of senior lienholders with no further liability of the Debtor or his spouse.

7. In addition, Creditor objects to confirmation of the Amended Plan because under the forced transfer of title provisions, Creditor would be required to elect to foreclose within 30 days following expiration of the second forbearance period and complete its foreclosure within 90 days of election. With the forced title transfer, Wells Fargo loses the opportunity to foreclose on its own timeline thereby losing the potential of higher bids from third party purchasers. Also, the election to foreclose is not a realistic option for Creditor. Although 30 days to elect in writing to foreclose appears feasible, the completion of judicial foreclosure which is required for this loan type within 90 days is not. The judicial foreclosure action is currently abated in the state court because of the pending bankruptcy case. Even if the state court entered an order to proceed, it would not likely be entered fast enough to allow for foreclosure to be completed within 90 days.

8. Finally, Creditor objects to confirmation because as set forth on pages 10 and 16 of the Amended Plan, the Debtor keeps open the possibility that he still may object to Claim as he contends the Mortgage Loan was made "under unusual or possibly fraudulent circumstances". The Debtor previously asserted this possibility in a prior proposed plan but to date has not filed any such claim objection.

///

///

///

///

**Prayer**

**WHEREFORE, PREMISES CONSIDERED,** Creditor prays that this Court deny confirmation of the Amended Plan as proposed and grant Creditor such other and further relief, at law and in equity, as is just.

Respectfully Submitted,

MCCARTHY & HOLTHUS, LLP

  /s/ Yoshie Valadez
Cole Patton SBN 24037247 || SDTX No. 605717
Yoshie Valadez SBN 24091142 || SDTX No. 2979491
Robert Brandon Hakari SBN 24107552 || SDTX No. 3234424
MHTbankruptcy@mccarthyholthus.com
1255 West 15th Street Suite 1060
Plano, TX 75075
Phone: (214) 291-3800
Fax: (214) 291-3801
Atty File No.: TX-20-22543
ATTORNEYS FOR CREDITOR

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Wells Fargo Bank, N.A.'s Objection to Debtor's First Amended Disclosure Statement and Plan of Reorganization* has been served upon the following parties via electronic means through the Court's CM/ECF system or by pre-paid regular first class U.S. Mail on 4/16/2021.

By: _/s/ Yoshie Valadez_____
Cole Patton SBN 24037247 || SDTX No. 605717
Yoshie Valadez SBN 24091142 || SDTX No. 2979491
Robert Brandon Hakari SBN 24107552 || SDTX No. 3234424
MHTbankruptcy@mccarthyholthus.com
1255 West 15th Street Suite 1060
Plano, TX 75075
Phone: (214) 291-3800
Fax: (214) 291-3801
Atty File No.: TX-20-22543
ATTORNEY FOR CREDITOR

By First Class Mail Postage Prepaid:

DEBTOR(S)
Gregory Micek
6339 Buffalo Speedway
Houston, TX 77005


By CM/ECF:

COUNSEL FOR DEBTOR(S)
Reese W Baker
Baker & Associates
950 Echo Lane
Ste 300
Houston, TX 77024

U.S. TRUSTEE
US Trustee
515 Rusk Ave
Suite 3516
HOUSTON, TX 77002

All Parties Requesting Notice Via CM/ECF System