**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 20-32441** |
| **GREGORY  MICEK AKA GREGORY JOHN** | § | |
| **MICEK** | § | **CHAPTER 11** |
| DEBTOR(S) | | |

**OBJECTION TO CONFIRMATION OF 1ST AMENDED CHAPTER 13 PLAN**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Comes now Specialized Loan Servicing, LLC, as servicing agent for GSR Mortgage Loan Trust 2005-AR6, U.S. Bank National Association, as Trustee (hereinafter referred to as "SLS"), a secured creditor in the above-entitled and numbered case, filing this its Objection to Confirmation of the Amended Chapter 11 Plan ("Amended Plan"), and in support hereof represents:

1.  The above-styled Debtor(s) filed a voluntary petition under Chapter 11 of Title 11, United States Bankruptcy Code, on May 4, 2020.

2.  Debtor(s) is indebted to SLS pursuant to a promissory note secured by a recorded instrument granting a security interest in the real property with the address of 6339 Buffalo Speedway, Houston, Texas 77005 (the "Property").

3.  The Property is the Debtor(s)' principal residence.

4.  SLS filed a secured proof of claim in the amount of $1,603,382.97, with pre-petition arrearages in the amount of $989,757.60 (the "Claim"). The account is currently due for 10/1/2011 and no payments have been made by the Debtor since commencement of the bankruptcy case on May 4, 2020.

5.  In the Amended Plan, the Debtor proposes to treat the Claim as impaired under Class 4. The Debtor proposes additional time to market and sell the Property. Debtor requests until the end of a second 180-day forbearance period under the CARES Act to do so. SLS believes Debtor has used almost all of the forbearance time available to him since no payments have been made for (11) months now. However, SLS is willing to allow Debtor (90) days to sell the Property and in the event the Property does not sell, the stay should be lifted as to SLS.

4129-N-7520

6.   Debtor also proposes that if the Debtor is not able to sell the Property by the end of the second 180-day forbearance period, then a forced transfer of title to the Property should occur as reflected in the Amended Plan under the Provisions Applicable to Classes 2, 3 and 4 – Secured Claims Satisfied by Transfer of Real Property in Satisfaction of Secured Claim. SLS objects to this provision of the Amended Plan because under the forced transfer of title provisions, SLS would be required to elect to foreclose within 30 days following expiration of the second forbearance period and complete its foreclosure within 90 days of election. With the forced title transfer, SLS loses the opportunity to foreclose on its own timeline, which could result in the loss of higher bids from third party purchasers and subject SLS to title transfer issues if the title to Property has any unknown defects. Judicial foreclosure actions are currently on hold in state court because of the pending bankruptcy case. There could be impediments that would not allow SLS to complete a foreclosure within 90 days.

7.   **Since the date of filing, SLS has advanced funds on behalf of the borrower in the amount of $88,198.22:**

**August 6, 2020        $32,976.62 - insurance**
**October 28, 2020      $1,009.02 - insurance**
**December 17, 2020     $54,212.28 - taxes**

WHEREFORE, PREMISES CONSIDERED, SLS prays that this Court deny confirmation of the Amended Plan proposed by the Debtor(s), and grant SLS such other and further relief at law and in equity as is just.

Respectfully submitted,
Bonial & Associates, P.C.

/s/ Chandra D. Pryor
Michael J. Burns / TXBN 24054447
Chandra D. Pryor / CABN 320903
Attorneys and Counselors
14841 Dallas Parkway, Suite 425
Dallas, Texas 75254
(972) 643-6600
(972) 643-6698 (Telecopier)
E-mail: BkcyAttorneys@BonialPC.com
Attorney for Specialized Loan Servicing, LLC, as servicing agent for GSR Mortgage Loan Trust 2005-AR6, U.S. Bank National Association, as Trustee

OBJECTION TO PLAN

4129-N-7520

**CERTIFICATE OF SERVICE**

       I hereby certify that a true and correct copy of the foregoing document has been served upon the following parties in interest either via pre-paid regular U.S. Mail or via electronic notification on or before the 26th day of April 2021:

Debtor   Via U.S. Mail
Gregory Micek
6339 Buffalo Speedway
Houston, TX 77005


Debtor's Attorney
Reese W. Baker
Baker & Associates LLP
950 Echo Lane
Suite 300
Houston, TX  77024

US Trustee
Office of the U.S. Trustee
515 Rusk Ave.
Ste. 3516
Houston, Texas  77002

Harris County
c/o LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
PO Box 3064
HOUSTON, TX 77253-3064

Yoshie Valadez
McCarthy & Holthus, LLP
1255 West 15th Street
Suite 1060
Plano, TX 75075


20-32441                                              /s/Chandra D. Pryor
                                                 Michael J. Burns
                                                 Chandra D. Pryor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 20-32441** |
| **GREGORY  MICEK** | § | |
| **DEBTOR(S)** | § | **CHAPTER 11** |
| | § | |

**ORDER DENYING CONFIRMATION**

CAME ON FOR CONSIDERATION BEFORE THIS COURT, Specialized Loan Servicing, LLC's, Objection to Confirmation of the Chapter 13 Plan. After considering the evidence and the arguments of counsel the Court determined that confirmation of the Chapter 13 Plan should be denied. It is therefore:

ORDERED that the Chapter 13 Plan proposed by Debtor is DENIED.

_____
The Honorable Jeffrey P. Norman
United States Bankruptcy Judge

DenConXPTXSAll                                    1                                    4129-N-7520